UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) | Docket No. 19-CR-10431-WGY |
| v. |  |  |
| KESYI BATISTA |  |  |

**DEFENDANT KEYSI BATISTA'S**
**SUPPLEMENTAL SENTENCING MEMORANDUM**

Defendant Keysi Batista, by and through his undersigned counsel, hereby submits this Supplemental Memorandum in connection with the sentencing proceeding in this matter, which is currently scheduled for Tuesday, December 8, 2020 at 2 p.m.

Undersigned counsel submits this Supplemental Memorandum to call the Court's attention to two sentences recently imposed by judges in this Court upon defendants who were charged with federal offenses in early November 2019 connection with the multi-agency investigation that was conducted in the Greater Lawrence, Massachusetts area in 2018 and 2019, and which led to the charges against Mr. Batista.  See United States v. Gomez, 19-CR-10426-DJC (D. Mass.). Dkt. Entry # 79 (Judgment entered November 13, 2020) (imposing a sentence of 70 months); United States v. Rodriguez, 19-CR-10430-LTS (D. Mass.), Dkt. Entry #62 (Judgment entered November 17, 2020) (imposing a sentence of 60 months).  While these two recently-sentenced defendants are not co-defendants with Mr. Batista in this matter, they were listed along with Mr. Batista and others as "Targets" of the same Lawrence-based investigation in an affidavit submitted in

support of the government's motion for detention in the Rodriguez matter.  Rodriguez, supra, Dkt. Entry #12 (filed November 20, 2019) at ¶ 2.

Undersigned counsel respectfully submits that the sentences recently imposed on these two individuals may be relevant to this Court's consideration in this case of the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  See 18 U.S.C. § 3553(a)(6); see also United States v. Ennis, 468 F. Supp. 2d 228, 236-37 (D. Mass. 2006)(reflecting that a sentencing court may properly adjust a defendant's sentence in the context of a case to avoid unwarranted sentencing disparities between that defendant and other co-defendants); accord United States v. Lychock, 578 F.3d 214, 219 (3d Cir. 2009)(noting the relevance to the sentencing court of sentences imposed by other district judges arising from the same government investigation); United States v. Benkahla, 501 F. Supp. 2d 748, 761 (E.D. Va. 2007 (varying downward after a review of other sentences arising from the same government investigation).

A brief summary of the sentences imposed in those two recently-resolved matters is set forth below:

In United States v. Gomez, 19-CR-10426-DJC (D. Mass.) the defendant pled guilty to distribution of heroin and being a felon in possession of a firearm.  The offense conduct in the case showed that the defendant was responsible for distributing 80 grams of fentanyl and was also involved in multiple illegal firearms sales, including the sale of a high-powered rifle, resulting in a base offense level of **28** and a final total offense level of **25**.  Id. at Dkt. Entry #77 (Government's Sentencing Memorandum) at 1-2.  In the government's words, Mr. Gomez's conduct in connection with that matter "not only

reflect[ed] his involvement in the distribution of a deadly substance, but also the violent instruments that endanger his own community when mixed with drug dealing." Id. at 1. Mr. Gomez also had a significant criminal history (totaling 10 criminal history points), including a prior drug distribution offense, as well as convictions for breaking and entering and assault and battery, receiving a stolen motor vehicle and possession of burglarious tools, resulting in a criminal history category of **V**. Id. at 4. As noted above, the Court ultimately imposed a sentence on Mr. Gomez of seventy (70) months of incarceration, a sentence that was 30 months below his advisory guideline range of 100-125 months. Id. at Dkt. Entry #79.

In United States Rodriguez, 19-CR-10430-LTS (D. Mass.), the defendant pled guilty to two counts of distribution of cocaine base. According to documents filed in the case, the defendant was responsible for distributing 78.5 grams of cocaine base, resulting in a base offense level of **24**, and had served two prior sentences (one for unlawful possession of a firearm and one for assault and battery of a police officer), resulting in a criminal history category of **III**. Id. at Dkt. Entry #37 (Government's Response to Defendant's Motion for Release) at 2. In addition, according to the detention memorandum submitted by the government in his case, Mr. Rodriguez had 16 entries on his adult record, including an open case for charges of Witness Intimidation and Assault and Battery. Id. at Dkt. Entry # 12, ¶ 23. After his guilty plea, Mr. Rodriguez's total offense level was **21**, and his sentencing range was 41-51 months. Id. at Dkt. Entry #59 (Defendant's Sentencing Memorandum). The Court imposed a sentence on Mr. Rodriguez of 60 months of incarceration, the minimum mandatory sentence that was applicable in that case. Id. at Dkt. Entry # 61.

## CONCLUSION

Defendant submits the foregoing information for the Court's consideration at the sentencing proceeding on December 8, 2020 at 2 p.m.  Defendant respectfully submits that the above-referenced matters further support Defendant's request, detailed in his previously-submitted Sentencing Memorandum, that the Court vary and/or depart from the "career offender" advisory sentencing guidelines in this matter.

> Respectfully submitted,
>
> Keysi Batista,
> By his attorney,
>
>
> /s/ Daniel J. Cloherty
> Daniel J. Cloherty (BBO# 565772)
> Todd & Weld LLP
> One Federal Street
> Boston, MA  02110
> (617) 720-2626
> dcloherty@toddweld.com

Dated: December 7, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing through this Court's CM/ECF filing system this 7th day of December, 2020.

> /s/ Daniel J. Cloherty
> Daniel J. Cloherty